IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| TEXAS STANDARD OIL COMPANY, | § § § § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. G-05-490 |
| FOREST OIL CORPORATION, et al., | § § § § § | |
| Defendants. | | |

## FINAL JUDGMENT

From February 11, 2008 until February 19, 2008, the Court held a jury trial in the above-referenced matter. After hearing the testimony and considering the evidence, the jury rendered a verdict finding Counter-Defendant Texas Standard Oil Company ("TXSO") owes Forest Oil Corporation ("FOC") operating expenses incurred on the West Delta 34 ("WD34") property in the amount of $16,259, and operating expenses incurred on the High Island 552 ("HI 552") property in the amount of $7,844.

The jury rendered a verdict finding Counter-Defendant TXSO owes Mariner Energy Resources, Inc. ("Mariner") operating expenses incurred on the WD34

property in the amount of $59,310, and operating expenses incurred on the HI 552 property in the amount of $369,006.

The jury rendered a verdict finding Counter-Defendant TXSO complied with the HI 552 Gas Balancing Agreement ("GBA"); thus, Counter-Plaintiffs Mariner and Noble Energy, Inc. ("Noble") are not entitled to damages for alleged failure to comply with the GBA.

The jury rendered a verdict finding Counter-Defendant TXSO did not wrongfully retain natural gas from Mariner or Noble; thus, Counter-Plaintiffs Mariner and Noble are not entitled to damages for alleged unjust enrichment.

The jury rendered a verdict finding FOC. Mariner, Mariner Energy, Inc., and Noble are not entitled to an award of attorneys' fees.

Moreover, pending before the Court is Counter-Plaintiff Apache Corporation's ("Apache") Motion for Judgment as a Matter of Law (Document No. 169) that as a working interest owner in the same position as the other Counter-Plaintiffs in the WD34, the Court's prior Order (Document No. 123) regarding the WD34 applies with equal force to Apache as it does to the remaining Counter-Plaintiffs.

As the jury has rendered its verdict, and the Court entered its Order disposing of, *inter alia*, issues of the working interest owners in WD34, the Court hereby

ORDERS that final judgment be entered in favor of Counter-Plaintiffs FOC

and Mariner for operating expenses on the WD34 property and HI 552 property according to the jury's verdict. Counter-Plaintiff FOC shall recover operating expenses from Counter-Defendant TXSO in the amount of $24,103. Counter-Plaintiff Mariner shall recover operating expenses from Counter-Defendant TXSO in the amount of $428,316. The Court further

ORDERS that Counter-Plaintiffs Mariner and Noble shall take nothing from Counter-Defendant for an alleged failure to comply with the GBA. The Court further

ORDERS that Counter-Plaintiffs Mariner and Noble shall take nothing from Counter-Defendant TXSO on their claim for unjust enrichment. The Court further

ORDERS that Apache is entitled to judgment as a matter of law that the Court's prior Order, Document No. 123, is equally applicable to Apache as a working interest owner in the WD34 property.

This is a FINAL JUDGMENT.

SIGNED at Houston, Texas, on this **22** day of February, 2008.

*David Hittner* (signature)

DAVID HITTNER
United States District Judge